820 So.2d 23 (2002)
Charles SCOTT and Fred Clark, Appellants,
v.
Thurman NELSON, Jr. and Yvonne Nelson, Appellees.
No. 2000-CA-01927-COA.
Court of Appeals of Mississippi.
January 22, 2002.
Rehearing Denied March 26, 2002.
Certiorari Denied June 27, 2002.
*24 Marshall E. Sanders, Vicksburg, Attorney for Appellant.
W. Richard Johnson, Omar Lamont Nelson, Attorneys for Appellees.
Before SOUTHWICK, P.J., IRVING, and MYERS, JJ.
IRVING, J., for the Court.
¶ 1. Fred Clark appeals from a judgment of the Chancery Court of Warren County voiding a deed to property located in Warren County and conveyed to him by Charles Scott. Scott obtained title to the property from Sarah Erves Benard who conveyed it to him, without court order, while she was under a conservatorship of which Scott served as a co-conservator. Clark received his deed from Scott four years after Bernard conveyed the property to Scott. On appeal, Clark maintains that he was a bona fide purchaser for value without notice and, therefore, is entitled to retain title to the property.
¶ 2. We hold that the deed from Scott to Clark became void ab initio when its legality was challenged by Benard's legal representative. Accordingly, we affirm the chancellor.

FACTS
¶ 3. The Appellee, Thurman Nelson, Jr., is the executor and sole devisee and legatee of Sarah Erves Benard who died sometime in 1994. Prior to Benard's death, she was under the care of Scott, her nephew, and Yvonne Nelson. Scott and Nelson served as Benard's co-conservators. As stated, Benard, while under the conservatorship, deeded a tract of land to Scott. Approval of the court was not acquired prior to the conveyance. After Benard died, Thurman Nelson instituted an action in the Chancery Court of Warren County to set aside the deed from Benard to Scott. However, Scott had conveyed the property four months earlier to Clark. Although the conservatorship was on file in the office of the chancery clerk of Warren County, Clark purchased the property for valuable consideration without actual notice of the existence of the conservatorship.
¶ 4. The chancellor determined that Clark was a bona fide purchaser for value without notice. The chancellor also concluded that the conveyance from Benard to Scott was made without authority of the court, that no consideration was tendered, and that the deed was invalid.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 5. As observed, the deed to Scott from Benard was executed by Benard while she was under a conservatorship. "So long as there is a duly appointed conservator, the person whose property or person is in the charge of such conservator shall be limited in his or her contractual powers and contractual obligations and conveyance powers to the same extent as a minor." Miss.Code Ann. § 93-13-261 (Rev.1994) (emphasis added). The emphasized portion of the quoted statute dictates that, during the pendency of the conservatorship, Benard was limited in her contractual powers to the same extent as a minor. The law in this state is so well settled as to need no citation to authority that a minor may not convey land except *25 by order of the court. See, e.g., Miss.Code Ann. § 93-13-51 (Rev.1994). While Section 93-13-51 does not speak to a minor selling his property without court order, it does provide the procedure which must be utilized by a guardian whenever it appears in the personal best interest of the ward that the ward's property be sold. The procedure set forth in the referenced code section requires court approval. As previously observed, no such approval was obtained by Scott acting on behalf of Benard, and it makes no sense to suggest that Benard could convey her property without court order, for if that were the case, there would be no need for the conservatorship.
¶ 6. The case of Brantley v. Wolf, 60 Miss. 420 (1882), is dispositive of the issue before us. Although Brantley is well dated, it is still good law. In Brantley, Hattie A. Brantley, at age seventeen, sold a lot to one Harrison. Harrison made improvements upon the lot and sold it to Walter B. Wolf. Id. at 429. After Brantley reached her majority, she brought an action to eject Wolf and recover the property "upon the ground that her conveyance, having been executed during infancy, is voidable at her election." Id. at 429-30. Wolf defended the action primarily on the ground that "equity will always enjoin one who seeks to recover back property which he has sold during minority for full value to a purchaser in good faith who was ignorant of his minority." Id. at 430.
¶ 7. The Brantley court held Brantley was entitled to maintain her action in ejectment. In so holding, the court said:
That the complainant [Wolf] was a purchaser for value, without notice of defendant's [Brantley's] rights, is immaterial. The right of the infant to avoid his contracts is an absolute and paramount right, superior to all equities of other persons, and may, therefore, be exercised against bona fide purchasers from the grantee, and his avoidance may be evidenced by any act clearly demonstrating a renunciation of the contract.
Id. at 434.
¶ 8. It is not disputed that Nelson is the executor and sole devisee of the last will and testament of Sarah Erves Benard. As such, he has standing to act in her place and stead. Under the cited authority, Benard, after termination of the conservatorship, could have brought an action to cancel the deed. Had that happened, the deed would have been void ab initio. We see no reason why her legal representative cannot do the same with the same results. We, therefore, affirm the order of the chancellor canceling the deed from Benard to Scott. It necessarily follows that the deed from Scott to Clark is a nullity.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT FRED CLARK.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.