SOUTHWICK, P.J.,
for the Court.
¶ 1. Kay Saunders appeals the decision of the Hinds County Chancery Court setting aside two deeds conveying property to her from her ward during the conservator-ship and denying her request for compensation for services as conservator. We find no error and affirm.
FACTS
¶ 2. In August 1996, the Hinds County Chancery Court imposed a conservatorship upon the estate of Walter Thomas. Kay Saunders was appointed conservator. At that time, Mr. Thomas was about eighty-seven years old, had a number of physical ailments, but had no loss of mental acuity.
¶ B. Saunders acted as conservator from 1996 until Thomas’ death in May 2000. In August and November 1997, Thomas conveyed two tracts to Saunders that totaled about twenty-five acres within Hinds County. Saunders paid nothing for the property nor did she seek approval from the chancellor before permitting these transfers by her ward to herself.
¶ 4. In 1999, Thomas’ son, Charles, began inquiring of his father’s attorney as to the propriety of these deeds. Whatever the advice, Charles Thomas filed suit in October 2001, to have the deeds set aside or, in the alternative, to have the court determine just compensation for the land. The chancellor found Saunders had failed to rebut the presumption of undue influence which arises with regard to self-interested dealings between conservators and wards, and failed to seek court approval for the transaction as required by statute, and the deeds were set aside. The chancellor made no findings of fact and no order with respect to Saunders’ request for compensation.
¶ 5. Saunders thereafter filed a motion for new trial or reconsideration of the judgment, asking to be allowed to put on further evidence of Thomas’ mental competence. She also noted that the chancellor had failed to rule on the claim for compensation. The chancellor declined to take further evidence and denied the claim for compensation without explanation.
DISCUSSION

1. Validity of deeds

¶ 6. On appeal, Saunders once again presses the argument that because Thomas was lucid at the time the deeds were signed, they are valid. She reaches this conclusion by comparing the requirements of a valid deed with those of a valid will, the latter only requiring that the testator be competent at the time the instrument is executed.
¶ 7. Saunders has a basic misconception regarding a conservatorship. Mr. Thomas was properly placed under a con-servatorship since he was shown to be unable to manage his property, which by statute could be due to advanced age, physical incapacity or mental weakness. Miss.Code Ann. § 93-13-251 (Rev.1994). A finding of mental incompetence is not required before appointment of a conservator is permissible. Harvey v. Meador, 459 So.2d 288, 292 (Miss.1984). Thomas’ conservatorship was imposed due to physical incapacity and advancing age. The fact that he was mentally alert and competent is of no consequence.
¶ 8. Once a person becomes a ward of a conservatorship, he has the same legal disabilities as a minor with respect to the power to contract or convey property. *136 Miss.Code Ann. § 93-13-261 (Rev.1994). A minor may not convey land except through a court order. Scott v. Nelson, 820 So.2d 23, 24-25 (Miss.Ct.App.2002). Neither may a person under a conservatorship. Saunders never sought approval of the court for the conveyance of Thomas’ land to herself, even after being told by counsel that she would need to do so. The deeds were void.
¶ 9. We also find substantial evidence to support the chancellor’s finding that Saunders violated her fiduciary duty to Thomas. A conservator stands in the position of a trustee and is charged with the fiduciary duty of loyalty. Bryan v. Holzer, 589 So.2d 648, 657 (Miss.1991). Saunders argued that Thomas stood on a financial precipice for most of her tenure as his conservator, so much so that she had to contribute approximately $40,000 of her own funds to meet his needs. She recouped these funds after selling off what were apparently Thomas’ last pieces of property just a few months before his death. Even taking as true Saunders’ statement that Thomas insisted she have the land, it was her duty to seek court approval for any such transaction.

2. Compensation

¶ 10. In her second assignment of error, Saunders asserts she is due compensation for her services as conservator. She claims that she was not donating her services and is therefore entitled to reasonable payment.
¶ 11. Saunders’ claim for compensation comes too late. The same laws applicable to guardianship of minors applies to con-servatorship of adults. Miss.Code Ann. § 93-13-259 (Rev.1994). A request for compensation for services rendered should be made at the time a final accounting is filed and compensation, if any, included in the final decree approving the closure of the conservatorship. Miss.Code Ann. § 93-13-77 (Rev.1994). Saunders made no claim for compensation until after Charles Thomas filed suit against her, many months after the conservatorship was closed. By failing to make a claim at the time of the final accounting, Saunders allowed the small remainder of Thomas’ estate to be distributed to his heirs without making provision for the compensation she claims to have earned.
¶ 12. We would also point out that the amount of compensation for a guardian is a discretionary matter for the court. Miss. Code Ann. § 93-13-67 (Rev.1994). Saunders was reimbursed over $38,000 in expenses just months before Thomas’ death. Deciding that such was sufficient was within the discretion of the chancellor.
¶ 13. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.